# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BARBARA JORDAN and CHARLES SLAUGHTER, individually and on behalf of persons similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> REED CONSTRUCTION DATA, LLC, a Delaware corporation; a division of REED BUSINESS INFORMATION; REED ELSEVIER INC., a Delaware corporation, and XYZ ENTITIES 1-10 (fictitious names of unknown liable entities), <br><br> Defendants. | CIVIL ACTION <br> FILE NO. _____ |

## COMPLAINT

Plaintiffs, BARBARA JORDAN and CHARLES SLAUGHTER, on behalf of themselves individually and others similarly situated, hereby allege the following causes of action:

1.     Plaintiffs bring this collective action for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq.,* on behalf of themselves and on behalf of other similarly situated, current and

former employees of Defendant, REED CONSTRUCTION DATA LLC, a division of REED BUSINESS INFORMATION, which is a division of Defendant, REED ELSEVIER INC., and their divisions, subsidiaries and affiliates, however constituted, including but not limited to XYZ ENTITIES 1-10, all doing a portion of their business in Georgia and elsewhere. (Defendant, REED CONSTRUCTION DATA, LLC, a division of REED BUSINESS INFORMATION, INC., and Defendant REED ELSEVIER, INC, and all such divisions, subsidiaries and affiliates, including but not limited to XYZ ENTITIES 1-10, are to be referred to herein collectively as "REED," the "REED Defendants," or "Defendants").

2.  Plaintiff, BARBARA JORDAN, was an employee of Defendants. She worked as an inside sales person from approximately December 2001 until approximately August 2009. At times material hereto, Plaintiff performed a substantial part of her work duties in Gwinnett County, Georgia, within the jurisdiction of this Court.

3.  Plaintiff, CHARLES SLAUGHTER, was an employee of Defendants. He worked as an inside sales person from approximately December 2007 until approximately August 2008. At times material hereto, Plaintiff performed a

substantial part of his work duties in Gwinnett County, Georgia, within the jurisdiction of this Court.

4.      While Plaintiffs worked for REED, they performed some or all of the duties of a non-exempt sales person.  In the inside sales position, Plaintiffs' primary duties involved performing the work of an inside sales person, among other related duties at location(s) of REED, all for and in furtherance of the business of REED.  In the positions of sales person, Plaintiffs were paid a base salary plus commissions.

5.      Defendant, REED CONSTRUCTION DATA, LLC, is a Delaware corporation, and a division of REED BUSINESS INFORMATION, INC., which is a division of Defendant, REED ELSVIER INC.

6.      Defendant, REED ELSEVIER, INC., is a Delaware corporation, and is affiliated with Defendant, REED CONSTRUCTION DATA, LLC.

7.      The REED Defendants build product information, construction cost data, market analytics and advertising channels to construction industry professionals in the US and Canada.  www.reedconstructiondata.com.  The REED Defendants serve customers throughout Georgia and the nation, directly and

through various divisions, subsidiaries and affiliates, however constituted, located throughout the United States.

8. Defendants, XYZ ENTITIES 1-10, comprise or operate one or more divisions, subsidiaries, or affiliated companies of Defendant, REED CONSTRUCTION DATA, LLC and Defendant, REED ELSEVIER, INC. Defendants, XYZ ENTITIES 1-10, are fictitious names for companies, partnerships, joint ventures, corporations, or other entities responsible for the wrongful conduct and labor practices causing harm to the Plaintiffs and those similarly situated, as further alleged herein. The true names and capacities of these XYZ ENTITIES 1-10 are unknown to Plaintiffs at this time, but Plaintiffs will amend the Complaint when and if the true names of said Defendants become known such that they can be correctly named.

9. The REED Defendants directly or indirectly acted in the interest of an employer toward Plaintiffs and other similarly situated, non-exempt workers at all material times, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiffs and others similarly situated. Alternately, Defendant, REED CONSTRUCTION DATA, LLC, a division of REED BUSINESS INFORMATION, and Defendant, REED ELSEVIER, INC.,

and each of their respective divisions, subsidiaries or affiliates, however constituted, including but not limited to XYZ ENTITIES 1-10, were joint employers of Plaintiffs and other similarly situated non-exempt workers because each, respective division, subsidiary or affiliate acts directly or indirectly in the interest of the other in relation to such Plaintiffs and such similarly situated persons.  As a further alternative, REED CONSTRUCTION DATA, LLC, a division of REED BUSINESS INFORMATION, and Defendant, REED ELSEVIER, INC., and each of their divisions, subsidiaries or affiliates, however constituted for the location(s) at issue, including but not limited to XYZ ENTITIES 1-10, were joint employers of the Plaintiffs and the similarly situated non-exempt workers because they commonly controlled the terms of compensation and employment of Plaintiffs and others similarly situated, and are not completely disassociated with respect to the terms of compensation and employment of Plaintiffs and others similarly situated.  As a final alternative, REED CONSTRUCTION DATA, LLC, a division of REED BUSINESS INFORMATION, and Defendant, REED ELSEVIER, INC., or each of XYZ ENTITIES 1-10, directly or indirectly acted in the interest of an employer toward Plaintiffs and other similarly situated non-exempt workers at locations in the

United States at all material times, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiffs and others similarly situated.

## Collective Action Allegations

10. This collective action includes all employees similarly situated to Plaintiffs, in one or more subclasses, performing some or all of the duties of a non-exempt inside sales person, however variously titled -- including without limitation, the duties of selling the products and services of REED, among other related duties at location(s) of REED, at any location or facility of every division, subsidiary, or affiliate of REED throughout the United States, however constituted, including but not limited to XYZ ENTITIES 1-10 -- who worked in excess of forty (40) hours ("overtime hours") per workweek in one or more workweeks on or after August 2007, and who did not receive their overtime rate of pay for all of their overtime hours within such workweeks. (Collectively, the "sales person class," the "asserted class" or as those employees "similarly situated," in one or more subclasses).

11. The material time for the claims under the FLSA in this case is the **three-year period** prior to the date of each Plaintiff's or similarly situated person's

joinder or opting into this action, and the period of additional time, if any, that each such person's claims were tolled or extended by agreement of one or more Defendants, by equity, or by operation of law.

12. The activities of Plaintiffs and other similarly situated in the course of employment with REED in the asserted class were directed primarily toward some or all of the duties of an inside sales person for REED nationwide.

13. At all times material hereto, Plaintiffs and all the similarly situated current and former employees in the asserted class were performing their duties for the benefit of and on behalf of REED.

14. Plaintiffs and the other similarly situated current and former employees in the asserted class regularly worked overtime hours.

15. As a result, at all times material to this Complaint, REED failed to pay Plaintiffs and similarly situated persons properly for all overtime hours worked – that is, all of the hours worked in excess of forty (40) -- within a workweek in compliance with the FLSA.

16. Plaintiffs and those similarly situated were entitled to an overtime rate of pay equal to time and one-half wages for overtime hours worked (the "overtime rate of pay").

17. In the course of employment with REED, the Plaintiffs and the other current and former employees similarly situated were not paid their overtime rate of pay for all overtime hours worked.

18. There are estimated to be several hundred current and former employees within the asserted class for this collective action during the material time who are similarly situated to Plaintiffs. With such numbers of similar claims for unpaid overtime compensation, a collective action is a superior procedure for adjudicating such claims. Plaintiffs request that the Court authorize and supervise notice to the members of the asserted class so that all claims may be resolved efficiently in a single proceeding.

19. The records, if any, should be in the custody or control of REED concerning the members of the asserted class, the number of hours actually worked by Plaintiffs and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

### Further Jurisdictional Allegations

20. Venue is proper. The Court has jurisdiction over the Defendants, and in regard to each plaintiff joining this lawsuit.

21. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. '1337 and by Title 29 U.S.C. '216(b). At all times pertinent to this Complaint, Defendants were each an entity engaged in interstate commerce or in the production of goods for commerce as defined in 29 U.S.C. '203(r) and 203(s). The annual gross sales volume of each of the Defendants was in excess of $500,000.00 per annum.

### Damages, Liquidated Damages, and Other Relief

22. Plaintiffs have retained counsel to represent them, and Plaintiffs have incurred, and will continue to incur, attorneys' fees and costs accordingly, which are a proper part of the relief sought in this action.

23. Plaintiffs and those similarly situated seek to recover relief from Defendants that includes, but is not limited to, overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of the FLSA.

### Count I

24. Plaintiffs readopt and reallege here all allegations contained in Paragraphs 1 through 23 above.

25. Plaintiffs are entitled to be paid his overtime rate of pay for each hour worked in excess of forty (40) hours per work week.

26. All similarly situated employees in the sales person class are likewise owed their respective overtime rate of pay for each overtime hour they worked and were not properly paid.

27. Defendants' actions were intentional, willful and unlawful.

28. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (Plaintiffs and those similarly situated to them) have suffered, and those still employed continue to suffer, damages plus incurring costs and attorneys' fees in bringing this action.

29. As a result of Defendants' willful violation of the FLSA, all Plaintiffs (Plaintiffs and those similarly situated to them) are entitled to liquidated damages.

30. Plaintiffs demand a jury trial on all counts.

WHEREFORE, Plaintiffs, BARBARA JORDAN and CHARLES SLAUGHTER, and those similarly situated to them who have or will opt into this action, demand judgment against Defendant, REED CONSTRUCTION DATA, LLC, a division of REED BUSINESS INFORMATION, and Defendant, REED ELSEVIER, INC., and Defendants, XYZ ENTITIES 1-10, jointly and severally,

for all damages, including without limitation the payment of all overtime hours at the respective overtime rates of pay due Plaintiffs and those similarly situated for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees, costs of suit, prejudgment interest, and all other available relief.

Dated: September 1, 2010　　　　　　　　　Respectfully submitted,
Atlanta, Georgia

　　　　　　　　　　　　　　　　　　**/s/** Elizabeth A. Frey
　　　　　　　　　　　　　　　　　　Louis R. Cohan
　　　　　　　　　　　　　　　　　　Georgia State Bar No. 173357
　　　　　　　　　　　　　　　　　　E-mail: lcohan@wslaw.net
　　　　　　　　　　　　　　　　　　Elizabeth A. Frey
　　　　　　　　　　　　　　　　　　Georgia State Bar No. 276899
　　　　　　　　　　　　　　　　　　E-mail: efrey@wslaw.net

　　　　　　　　　　　　　　　　　　WEINSTOCK & SCAVO, P.C.
　　　　　　　　　　　　　　　　　　3405 Piedmont Road, NE
　　　　　　　　　　　　　　　　　　Suite 300
　　　　　　　　　　　　　　　　　　Atlanta, Georgia 30305
　　　　　　　　　　　　　　　　　　(404) 231-3999
　　　　　　　　　　　　　　　　　　(404) 231-1618
　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*


　　　　　　　　　　　　　　　　　　Gregg I Shavitz
　　　　　　　　　　　　　　　　　　Florida Bar No. 11398
　　　　　　　　　　　　　　　　　　Email: gshavitz@shavitzlaw.com
　　　　　　　　　　　　　　　　　　(motion for *pro hac vice* admission to be filed separately)
　　　　　　　　　　　　　　　　　　Hal B. Anderson

Florida Bar No. 93051
E-mail: hal.anderson@shavitzlaw.com
(motion for *pro hac vice* admission to be filed separately)

SHAVITZ LAW GROUP, P.A.
1515 S. Federal Hwy, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
*Attorneys for Plaintiff*